IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ORIGINAL LULAC COUNCIL NO. 2, <br> *Plaintiff* <br><br> -vs- <br><br> REY FEO SCHOLARSHIP FOUNDATION, INC., JOHN D. GABRIEL SR., <br> *Defendants* | § <br> § <br> §    SA-23-CV-01307-XR <br> § <br> § <br> § <br> § <br> § <br> § |

**ORDER**

On this date, the Court considered Defendants' motion for summary judgment (ECF No. 49), Plaintiff's response (ECF No. 57), and Defendants' reply (ECF No. 58). The Court also considered Plaintiff's motion for summary judgment (ECF No. 56), Defendants' response (ECF No. 59, and Plaintiff's reply (ECF No. 60). After careful consideration, the Court issues the following order.

**BACKGROUND**

Defendant Rey Feo Scholarship Foundation ("RFSF") is a nonprofit corporation founded in 1975. ECF No. 1 ¶ 58. Defendant John Gabriel is currently the Chairman of RFSF. *Id.* ¶ 147. Plaintiff Original LULAC Council No. 2 ("New LULAC Council") is a nonprofit corporation founded in 2012, as discussed at length in the Court's prior order denying Plaintiff's motion to disqualify counsel. *See generally* ECF No. 30.

1

On October 13, 2023, Plaintiff filed this suit against Defendants,[1] alleging a variety of claims: (1) federal false designation of origin or source under 15 U.S.C. § 1125; (2) common law trademark infringement; (3) common law unfair competition and unjust enrichment; (4) trademark dilution in violation of Tex. Bus. & Comm. Code § 16.103; (5) cancellation of trademark registrations for the Asserted Marks; (6) tortious interference with contractual and business relations; (7) business disparagement; (8) breach of contract; and (9) breach of fiduciary duty. ECF No. 1. Each one of Plaintiff's claims rely on the central premise that Plaintiff is the owner and senior user of the following four marks: (1) Rey Feo; (2) Feria De Las Flores; (3) Reina De La Feria De Las Flores; and (4) the Tom Morton Sandoval Parent/Child Scholarship (collectively, the "Disputed Marks"). *See generally* ECF No. 1.[2]

In its complaint, though Plaintiff alleges that it is "a Texas nonprofit corporation . . . formed on June 14, 2012," *id.* ¶ 22, Plaintiff asserts that it is the owner and senior user of the Disputed Marks because it "has operated continuously since 1929 and continuously used the Accused Marks in commerce since at least 1945," *id.* ¶ 23.

On July 19, 2024, Defendants filed a motion for summary judgment on all of Plaintiff's claims making only one argument—that the summary judgment evidence and the Court's previous rulings in this case plainly foreclose all of Plaintiff's claims because Plaintiff "has no evidence

---

[1] Plaintiff filed this suit against Defendants after the Court remanded a parallel action to state court after it concluded that it lacked subject matter jurisdiction over that action. *See Rey Feo Scholarship v. LULAC Council No. 2*, Case No. 5:22-cv-1077-XR.

[2] For example, under its false designation claim, Plaintiff alleges "[its] FERIA DE LAS FLORES, REINA DE LA FERIA DE LAS FLORES, REY FEO, and TOM MORTON SANDOVAL PARENT/CHILD SCHOLARSHIP Marks are distinctive and indicate to consumers that its goods and its services originate from a sole source." ECF No. ¶ 355. Under its common law trademark infringement claim, Plaintiff states "[its] adoption and use of the [Disputed] Marks predates any alleged use by Defendants in the United States, and Lulac is the senior user and owner of the [Disputed] Marks." *Id.* ¶ 370. Plaintiff's other claims all rely on the allegation that Plaintiff is the senior user and owner of the Disputed Marks. *See id.* ¶¶ 377–417

2

that [it] owned any of the Disputed Marks prior to the date of New LULAC Council's formation on June 14, 2012." ECF No. 49 at 3.

On August 9, 2024, Plaintiff filed its own motion for partial summary judgment, arguing that there is no genuine issue of material fact regarding Plaintiff's ownership of the Disputed Marks or Defendants' alleged infringement. ECF No. 56. Notably, in its motion for summary judgment, Plaintiff now contends that it is not in fact "a Texas nonprofit corporation . . . formed on June 14, 2012" as pled in its complaint but rather "an unincorporated entity [that] has operated continuously since 1929 to present as an unincorporated entity registered with the Texas State Comptroller." *Compare* ECF No. 1 ¶ 22 *with* ECF No. 56 at 1.

## DISCUSSION

### I. Legal Standard

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are

not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

"On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

## II. Analysis

### a. Defendants' Motion for Summary Judgment (ECF No. 49)

Defendants argue that all nine of Plaintiff's claims fail as Plaintiff cannot establish that it is the "owner" of the Disputed Marks. ECF No. 49 at 2–3. To establish that a party "owns" a mark, that party must demonstrate that it is the senior user of the mark. J. Thomas McCarthy, *2 McCarthy on Trademarks and Unfair Competition* § 16:18 (5th ed.) (hereinafter "2 McCarthy") ("[T]he rule in the United States is that ownership of a mark goes to the first-to-use, not to the first-to-file."); *see also In re Trade-Mark Cases*, 100 U.S. 82, 94, 25 L. Ed. 550 (1879) ("At common law the exclusive right to it grows out of [a mark's] *use*, and not its mere adoption."). Generally speaking, a party is the senior user of a mark where it was the first to use the mark in commerce and has used that mark continuously in commerce since. 2 McCarthy § 16:1 ("The use in the United States must have been continuous and without an abandonment.").[3] Accordingly, to prevail on their motion for summary judgment, Defendants must demonstrate that there is no genuine issue of material fact as to whether Plaintiff is the senior user of the Disputed Marks.

According to Defendants, both the summary judgment evidence and this Court's prior orders establish that Plaintiff was formed as a distinct incorporated entity on June 14, 2012. *Id.* at 6–11. In Defendants' view, this wholly precludes Plaintiff from arguing that it "was the first

---

[3] Of course, the Court recognizes that trademark law is complex, and there are instances where later users may nonetheless have a right to use a mark despite a lack of seniority. *See, e.g.*, *C.P. Ints., Inc. v. California Pools, Inc.*, 238 F.3d 690, 700 (5th Cir. 2001) (discussing the *Tea Rose–Rectanus* doctrine, a doctrine under which a territorially remote junior user acting in good faith may continue using a mark in a given territory where the junior user was the first to use the mark in that territory); *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (explaining that under the territoriality principle, "priority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world." (quoting J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 29:2, at 29–6 (4th ed. 2002)). But Plaintiff points to none of these exceptions, and the Court finds none applicable here.

adopter and prior, continuous, and senior user of the Disputed Marks." ECF No. 49 at 6.[4] In response, Plaintiff regurgitates the same unsuccessful "one continuous entity" theory that it presented in arguing its motion to disqualify Defendants' counsel. That is, Plaintiff contends that it has been one continuous legal entity since it was allegedly formed in 1929. According to Plaintiff, "[i]t is undisputed that Lulac Council No. 2 first used the trademarks when it began La Feria and La Reina in 1945 and Rey Feo in 1947 and the Tom Morton Sandoval Parent/Child Scholarship in 1997." ECF No. 57 at 1. However, Plaintiff now offers a surprising new twist—Plaintiff insists that it "is an unincorporated association that has operated as a non-profit, 501(c)4 entity since its inception in 1929," not the incorporated entity that it alleged it was in its pleadings. *Id.* at 2.[5] Further, Plaintiff contends that "even if Lulac Council No. 2 was merged into [the] 2012 corporation under Texas law[,] the TRADEMARKS would be presumed to also be conveyed[,] and the corporation would step into the shoes of Lulac Council No. 2 and maintain a priority date at least as early as 1947." ECF No. 57 at 6.

To begin, Plaintiff is plainly foreclosed from arguing its new twist. First, Plaintiff's own complaint demonstrates that it has been proceeding in this matter as the *incorporated* entity formed on June 14, 2012. ECF No. 1 ¶¶ 22–23. Specifically, Plaintiff alleges in its complaint that "Lulac presently was formalized into a Texas nonprofit corporation by the same name, formed on June 14, 2012." *Id.* ¶ 22. Despite this express allegation, Plaintiff now argues that "Plaintiff does NOT have any corresponding filings or registrations with the Texas Secretary of State as it is not a corporation, has not converted to a corporation nor has it ever been one." ECF No. 57 at 3. And

---

[4] But Defendants do not point the Court towards any evidence demonstrating the date of Defendant RFSF's first use. *See* ECF No. 49. As discussed *infra*, this failure is harmless as Plaintiff concedes in its response, as well as in other briefing, that it is has never used the Disputed Marks.

[5] In its response, Plaintiff contends that "[t]he Defendants in this matter are confusing Lulac Council No. 2 (the Plaintiff) with corporations that either were abandoned or never used." ECF No. 57 at 2. But the Court concludes that either Plaintiff is the one confusing entities or Plaintiff is purposefully misrepresenting its identity to evade an unfavorable ruling.

6

Plaintiff contends in its response that it has no records in its files that Original Lulac Council No. 2 was formed in 2012. *Id.* at 4. Second, in briefing Plaintiff's motion to disqualify counsel, Plaintiff represented that it was incorporated on June 14, 2012 as "Original Lulac Council No. 2." ECF No. 16 at 4; ECF No. 21 at 4. Third, the Court explicitly ordered Plaintiff "to file an advisory as to whether Plaintiff intends to proceed in this action as 'Original LULAC Council No. 2, Inc.' or as 'Original LULAC Council No. 2.'"[6] ECF No. 27. Thereafter, Plaintiff filed an advisory with the Court electing to proceed as "Original LULAC Council No. 2," the incorporated entity Plaintiff now contends it is not. ECF No. 28.

As already held in the Court's prior order, Plaintiff did not come into existence until 2012. ECF No. 30 at 10–12. Plaintiff is different and distinct from any predecessor entities, such as "Original LULAC Council No. 2, Inc." or any other unincorporated association. *See* ECF No. 30 at 8–11.[7] *Id.* Plaintiff introduces no evidence here that changes this conclusion. Indeed, Plaintiff expressly states in its response that "[a]ny conversion to a corporation would require articles of conversion filed with the Texas Secretary of State and a transfer of all assets to the corporation *which is nowhere documented*." ECF No. 57 at 5 (emphasis added).

Of course, Plaintiff could still prevail if it can show the rights in the Disputed Marks rights were properly assigned to Plaintiff. 2 McCarthy § 18:15 ("A valid assignment forges a link in a chain of priority of use of the mark."). To this effect, Plaintiff contends the Court should presume the rights to the Disputed Marks were "conveyed" should there have been any corporate conversion. But Plaintiff cites no authority for this proposition, and the authority reviewed by the

---

[6] As detailed in the Court's order denying Plaintiff's motion to disqualify Defendants' counsel, "Original LULAC Council No. 2, Inc." was incorporated on July 28, 1993. ECF No. 30 at 2. This entity, however, later forfeited its existence in 1995. *Id.* In contrast, "Original LULAC Council No. 2." was incorporated on June 14, 2012, and is the Plaintiff in this suit. *Id.*

[7] Though a fact-intensive matter, to avoid duplicating the Court's analysis on the distinct nature of the legal entities in question—"Original LULAC Council No. 2, Inc." and "Original LULAC Council No. 2"—the Court adopts its analysis from its order on Plaintiff's motion to disqualify counsel here. *See* ECF No. 30.

7

Court suggests the opposite. *Nordco A.S. v. Ledes*, No. 95 CIV. 7753 (RJW), 1997 WL 570546, at *3 (S.D.N.Y. Sept. 15, 1997) ("Nordco's allegation that it owns the trademark, without concrete evidence documenting the trail of ownership from the original owner of the trademark to Nordco itself, is insufficient to survive defendants' motion for summary judgment.").

Further, while an oral assignment can also be proven by clear and uncontradicted oral testimony, *Kiva Health Brands LLC v. Kiva Brands Inc.*, 402 F. Supp. 3d 877, 887 (N.D. Cal. 2019), Plaintiff adduces no evidence to support any oral assignment. That is, of the affidavits submitted by Plaintiff, none suggest any prior LULAC entity orally assigned the Disputed Marks to Plaintiff. *See* ECF Nos. 57-1, 57-2, 57-3, 57-4. 57-5.

Lastly, and most importantly, the Court notes that Plaintiff's own admissions in response foreclose any possibility that *it* used the Disputed Marks in commerce *at any time* since 2012. Specifically, Plaintiff admits that it "has never been in business or utilized" and that Plaintiff has failed to obtain "even a tax EIN No. in order to do business." ECF No. 57 at 4–6. Indeed, if Plaintiff has not conducted business since formation in 2012, then there is no way in which Plaintiff could have used the Disputed Marks continuously in commerce since its formation in 2012. Further, even if there has been a valid assignment of rights to Plaintiff, then Plaintiff's failure to conduct any business and its complete nonuse of the Disputed Marks would have abandoned any rights in the Disputed Marks. *See Perry v. H. J. Heinz Co. Brands, L.L.C.*, 994 F.3d 466, 474 (5th Cir. 2021) ("The Lanham Act provides that '[a] mark shall be deemed to be "abandoned" . . . [w]hen its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred

from the circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.'" (quoting 15 U.S.C. § 1127)).

As such, the Court concludes that Plaintiff cannot present any genuine issue of material fact as to whether it owns the Disputed Marks. Accordingly, as all nine of Plaintiff's claims rest on the central premise that it is the senior user of the Disputed Marks and Plaintiff now admits that it has *no* rights in the Disputed Marks, the Court **GRANTS** Defendants' motion for summary judgment (ECF No. 49) with respect to all Plaintiff's claims.

### b. Plaintiff's Motion for Partial Summary Judgment (ECF No. 56)

In Plaintiff's motion for partial summary judgment, Plaintiff makes five arguments: (1) prior litigation precludes Defendants from disputing that Plaintiff owns the Disputed Marks, (2) Defendant RFSF "has no trademark rights because it has no lawful use and is in violation of IRS rules and regulations for charitable organizations," (3) Defendant RFSF is estopped from denying Plaintiff's ownership of the Disputed Marks as a prior licensee, (4) Plaintiff is the senior user of the Disputed Marks, and (5) there is no evidence that Plaintiff transferred rights in the Disputed Marks to Defendant RFSF. ECF No. 56 at 5–17.

Nonetheless, the Court need not address these arguments. As discussed above, Plaintiff concedes that it has no rights in Disputed Marks, and without any rights in the Disputed Marks, all Plaintiff's claims fail. Accordingly, the Court **DENIES** Plaintiff's motion for partial summary judgment (ECF No. 56).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment (ECF No. 49) and **DENIES** Plaintiff's motion for partial summary judgment (ECF No. 56). All of

Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will issue separately.

    It is so **ORDERED**.

    **SIGNED** this 30th day of August, 2024.

                                                              _____
                                                              XAVIER RODRIGUEZ
                                                              UNITED STATES DISTRICT JUDGE